

YAAKOV SAKS▲■*
JUDAH STEIN▲■
ELIYAHU BABAD▲■
RAMI M. SALIM▲■
HASSAN SIDDIQUI▲

▲ NJBar Admissions
^ CT & NJ Bar Admissions
■ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

October 3, 2025

Hon. Eric R. Komitee, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Via ECF**

    Re: *Hernandez et al v. Safavieh Int'l, Inc.*
       Docket No. 1:25-cv-1760-EK-RML
       **Plaintiff's Response to the Court's September 9, 2025 Order Regarding Venue and Standing**

Dear Judge Komitee:

  We represent Plaintiff Timothy Hernandez ("Plaintiff") in the above-captioned matter. We write in response to the Court's September 9, 2025 Order regarding venue and standing. Plaintiff respectfully submits that venue is proper in this district and that Plaintiff has adequately alleged standing. Plaintiff requests that the Court allow this matter to proceed to discovery and adjudication on the merits.

  A. **Venue Under U.S.C. § 1391**

  Section 1391 establishes two independent bases that make venue proper in this Court. First, a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Second, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." For venue purposes, a business entity "resides" in any district where it is subject to personal jurisdiction with respect to the civil action. 28 U.S.C. § 1391(b)(1)–(2), (c)(2).

  Applying those rules, venue lies in the Eastern District of New York because, as the complaint alleges, Defendant resides and/or conducts the activities giving rise to the claims within this District, and a substantial part of the operative events occurred here. The Eastern District comprises Kings, Queens, Richmond, Nassau, and Suffolk Counties—geographies that encompass the locations of the parties and conduct at issue as pleaded—so either the residency prong (§ 1391(b)(1), via § 1391(c)(2)) or the

"substantial part" prong (§ 1391(b)(2)) is satisfied. 28 U.S.C. § 112(c); 28 U.S.C. § 1391(b)(1)–(2), (c)(2).

Moreover, the Second Circuit has made clear that venue may be proper in more than one district; the statute does not require plaintiffs to identify the single "best" venue. Rather, venue is proper in any district where a "substantial part" of the events occurred. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356–57 (2d Cir. 2005) (recognizing that multiple districts may qualify under § 1391(b)(2) and rejecting any requirement to select the optimal venue). Accordingly, even if Defendant points to contacts with another district, that does not defeat venue here so long as EDNY has a substantial nexus to the claims—as the pleadings reflect.

Finally, § 1391's fallback provision—allowing venue "if there is no district in which an action may otherwise be brought"—is not implicated because venue is proper here under § 1391(b)(1) and/or § 1391(b)(2). And to the extent Defendant is an entity, § 1391(c)(2) confirms that it "resides" in any district where it is subject to personal jurisdiction in this action, further reinforcing that the Eastern District is a proper venue. 28 U.S.C. § 1391(b)(3), (c)(2).

### B. <u>Venue Under Local Rule 50.1</u>

Under the Eastern District's Local Rule 50.1, civil cases are assigned to one of two intra-district "wheels"—Brooklyn or Central Islip—based on county ties. Kings County (Brooklyn), along with Queens and Richmond, feeds the Brooklyn wheel; Nassau and Suffolk feed the Central Islip (Long Island) wheel. *See* 28 U.S.C. § 112(c) (defining EDNY counties); *see also* EDNY Local Rule 50.1.

Plaintiff resides in Kings County. Consistent with the foregoing structure, the case should therefore be designated to the Brooklyn wheel. Accordingly, Plaintiff proposes that the case be designated to the Brooklyn division under Local Rule 50.1, given Plaintiff's Kings County residence and the complaint's ties to Brooklyn. If Defendant contends the case belongs in Central Islip, it should identify concrete Nassau/Suffolk connections warranting a "Long Island" designation; absent such a showing, Brooklyn is the proper intra-district assignment.

### C. <u>Defendant's Allegation that Plaintiff Lacks Standing</u>

Plaintiff does not believe amendment is necessary because the complaint already pleads Article III standing under the Second Circuit's current framework and its recent application in website-accessibility cases. The Second Circuit requires nonconclusory facts showing a past injury and a real and immediate threat of future harm—not boilerplate "tester" allegations. *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74–78 (2d Cir. 2022) (rejecting "naked assertions of intent to return" and requiring specific facts). Our pleading mirrors what *Calcano* demands: concrete encounters with the challenged website, identification of the goods or services Plaintiff sought, impediments encountered, and facts supporting a plausible intent to return.

District courts in this Circuit have recently denied motions to dismiss on materially similar allegations, confirming that a well-pled website claim suffices without amendment. In *Fernandez v. Katie May, LLC*, Judge Caproni held that a blind plaintiff adequately alleged standing where she identified the precise item she sought to buy (a specific dress), detailed multiple unsuccessful attempts on specified dates, and explained why she would return if barriers were removed. The court expressly applied *Calcano*'s

specificity requirement and found all three elements of standing satisfied. Our complaint likewise alleges concrete past injury, the plausible persistence of accessibility barriers, and a particularized intent to return; accordingly, it already meets the *Calcano* standard.

*Katie May* also underscores that courts will not credit extrinsic "the website works for us" declarations on a Rule 12(b) motion and will instead take the complaint's factual allegations as true. Where, as here, the pleading sets out actual use or attempted use, the barriers encountered, and why the plaintiff will return, dismissal for lack of standing is unwarranted. On this posture, amendment would be redundant: the operative allegations already provide the nonconclusory, case-specific detail *Calcano* requires and *Katie May* applied.

To the extent Defendant suggests *TransUnion* or *Harty* constrain standing further, those authorities are fully addressed by our current allegations. *Harty* rejects purely informational or grievance-based claims untethered to concrete use; it does not bar standing where a plaintiff pleads real interference with accessing goods or services and a credible likelihood of future injury—precisely what our complaint alleges. *Calcano*, read together with *Harty*, asks for specificity, not magic words. Our complaint already provides that specificity.

Finally, because venue and intradistrict issues are already before the Court and discovery can proceed efficiently, seeking leave to amend would only delay resolution without altering the standing analysis. In short, under controlling Second Circuit precedent and its recent application in *Katie May*, the complaint is sufficient as filed; no amendment is necessary.

D. **Conclusion**

For the foregoing reasons, the Court should hold that venue properly lies in the Eastern District of New York under 28 U.S.C. § 1391 and designate this matter to the Brooklyn division pursuant to Local Rule 50.1 in light of Plaintiff's Kings County residence and the case's ties to that division. Defendant's standing challenge lacks merit under the foregoing Second Circuit authority; accordingly, no amendment is necessary. Plaintiff respectfully requests that the Court so rule and allow this matter to proceed to discovery and adjudication on the merits.

Respectfully submitted,

Stein Saks, PLLC

By: */s/ Rami Salim*
Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Email: rsalim@steinsakslegal.com
Tel: (201) 282-6500
Fax: (201) 282-6501

*Attorneys for Plaintiff*

cc: All Counsel of Record via ECF